**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **CHADRICK BELL,**<br>**Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br>**v.**<br><br>**JJ'S WASTE & RECYCLING OF TEXAS LLC,**<br><br>**Defendant.** | **Case No.**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff—Chadrick Bell—brings this action individually and on behalf of all others similarly situated (collectively, "Plaintiff and the Putative Collective Members") who worked for Defendant—JJ's Waste & Recycling of Texas LLC (JJ's Waste)—anywhere in the United States, at any time during the last three years through the final disposition of this matter, to recover unpaid overtime, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19. Plaintiff's FLSA claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for JJ's Waste, anywhere in the United States, at any time during the last three years through the final disposition of this matter, and have not been paid the proper amount of overtime in violation of federal law.

3. Although Plaintiff and the Putative Collective Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, JJ's Waste knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for the proper amount of overtime on a routine and regular basis.

5. Specifically, JJ's Waste's regular practice—including during weeks when Plaintiff and the Putative Collective Members worked and recorded hours in excess of forty (40) (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiff and the Putative Collective Members' daily time even though they regularly performed compensable work (and continue to perform) "off the clock" through their respective meal-period breaks.

6. In addition, JJ's Waste paid non-discretionary bonuses to Plaintiff and the Putative Collective Members, but failed to include these bonuses in Plaintiff and the Putative Collective Members' regular rate of pay, for purposes of calculating their correct rate of overtime compensation.

7. The effect of JJ's Waste's practice was (and is) that all time worked by Plaintiff and the Putative Collective Members was not (and is not) counted and paid—thus, JJ's Waste failed to properly compensate Plaintiff and the Putative Collective Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Collective Members' overtime under the FLSA.

8. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

9. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11. Plaintiff Bell was employed by JJ's Waste during the relevant time-period. Plaintiff Bell did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former Drivers who were employed by JJ's Waste, anywhere in the United States, at any time from June 20, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

13. Defendant JJ's Waste & Recycling of Texas LLC is a domestic limited liability company, licensed to and doing business in the state of Texas, and may be served through its registered agent for service of process: **Michael Mnoian, 2301 Whitestone Blvd Ste E1, Cedar Park, TX 78613-7236.**

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15. This Court has general and specific personal jurisdiction over JJ's Waste because Texas qualifies as its home state and the claims against JJ's Waste arose within this District as a result of JJ's Waste's conduct within this District and Division.

[1] The written consent of Chadrick Bell is attached hereto as Exhibit "A."

16. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

17. Specifically, Plaintiff Bell worked for JJ's Waste in Houston, Texas.

## IV. BACKGROUND FACTS

18. JJ's Waste is a full-service solid waste company providing waste collection, recycling, and disposal services to a commercial, industrial, and residential customers in Texas.[2]

19. To provide its services, JJ's Waste employed (and continues to employ) numerous non-exempt employees—including Plaintiff and the Putative Collective Members.

20. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

21. Plaintiff and the Putative Collective Members are (or were) employed by JJ's Waste for the three years preceding the filing of this Complaint through the final disposition of this matter.

22. Plaintiff and the Putative Collective Members were responsible for the collection, transportation, and disposal of residential and commercial waste.

23. Importantly, none of the FLSA exemptions relieving a covered employer (such as JJ's Waste) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

24. During their employment with JJ's Waste, Plaintiff and the Putative Collective Members typically worked five (5) days a week, and approximately eleven (11) to thirteen (13) hours per day.

[2] https://jjswaste.com/

25. On average, Plaintiff and the Putative Collective Members worked between fifty-five (55) hours and sixty-five (65) hours per workweek.

26. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of JJ's Waste resulting in the complained of FLSA violations.

27. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, in that they all collected, transported, and disposed of residential and commercial waste on behalf of JJ's Waste's customers.

## Unpaid Meal Breaks

28. Plaintiff and the Putative Collective Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and automatically have thirty (30) minutes (or more) deducted for a meal period from his or her hours worked each workday.

29. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective Members regularly worked approximately two and a half (2.5) hours "off-the-clock" per week and have not been compensated for that time.

30. JJ's Waste has a policy wherein it automatically deducts one thirty (30) minute meal period from Plaintiff and the Putative Collective Members' daily time regardless of whether they perform compensable work during such "breaks."

31. Despite automatically deducting thirty (30) minutes from Plaintiff and the Putative Collective Members' time each shift, Plaintiff and the Putative Collective Members did not take a thirty (30) minute meal break.

32. JJ's Waste was (and continues to be) aware that Plaintiff and the Putative Collective Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA.

33. JJ's Waste knew Plaintiff and the Putative Collective Members did not take their meal breaks because Plaintiff and the Putative Collective Members complained to their managers that they were not able to take their meal breaks and should have been paid for their time.

34. JJ's Waste systematic deduction of the meal periods from Plaintiff and the Putative Collective Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective Members working s overtime hours for which they were (and are) not compensated at the rates required by the FLSA.

35. For example, when Plaintiff and the Putative Collective Members worked five (5) ten (10) hour shifts in a week, JJ's Waste meal break deductions resulted in Plaintiff and the Putative Collective Members not being paid for at least two and a half (2.5) hours of compensable overtime work.

## JJ's Waste Failed to Include Non-Discretionary Bonuses in the Regular Rate

36. JJ's Waste paid out non-discretionary bonuses—Safety Bonuses—based on safety metrics (a lack of accidents moving violations and other company policies) but failed to include these bonuses in the Plaintiff and Putative Collective Members' regular rates of pay.

37. The non-discretionary bonuses paid to Plaintiff and the Putative Collective Members were meant to encourage and motivate them to work harder and to reward them for their hard work.

38. The non-discretionary bonuses were based upon a pre-determined formula established by JJ's Waste.

39. Moreover, specific criteria had to be met in order to receive these non-discretionary bonuses.

40. When Plaintiff and the Putative Collective Members met the criteria, they were entitled to receive these non-discretionary bonuses.

41. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Collective Member's regular rates of pay before any and all overtime multipliers were applied.

42. JJ's Waste's failure to compensate Plaintiff and the Putative Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA.

43. JJ's Waste knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA.

44. JJ's Waste knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

45. Because JJ's Waste did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, JJ's Waste pay policies and practices willfully violated (and continue to violate) the FLSA.

46. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## V.
## CAUSE OF ACTION

### A. FLSA COVERAGE

47. The foregoing paragraphs are incorporated as though fully set forth herein.

48. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL CURRENT AND FORMER NON-EXEMPT DRIVERS WHO WORKED FOR JJ'S WASTE & RECYCLING TEXAS LLC, ANYWHERE IN**

**THE UNITED STATES, AT ANY TIME FROM JUNE 20, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

49. At all material times, JJ's Waste has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

50. At all material times, JJ's Waste has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

51. At all material times, JJ's Waste has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

52. Specifically, JJ's Waste operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

53. During the respective periods of Plaintiff and the FLSA Collective Members' employment by JJ's Waste, these individuals provided services for JJ's Waste that involved interstate commerce for purposes of the FLSA.

54. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 207(a).

55. Specifically, Plaintiff and the FLSA Collective Members traveled on interstate highways and used goods, tools, and materials purchased in interstate commerce. 29 U.S.C. § 203(j).

56. At all material times, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

57. The proposed collective of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in ¶ 48.

58. The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee and personnel records of JJ's Waste.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

59. JJ's Waste has violated provisions of the FLSA, 29 U.S.C. §§ 207 & 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

60. Moreover, JJ's Waste knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

61. JJ's Waste is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

62. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less knowledgeable employees who trusted JJ's Waste to pay them according to the law.

63. The decisions and practices by JJ's Waste to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

64. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

65. The foregoing paragraphs are incorporated as though fully set forth herein.

66. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of JJ's Waste employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

67. Other similarly situated employees of JJ's Waste have been victimized by JJ's Waste patterns, practices, and policies, which are in willful violation of the FLSA.

68. The FLSA Collective Members are defined in ¶ 48.

69. JJ's Waste failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of JJ's Waste, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

70. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

71. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

72. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

73. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

74. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and JJ's Waste will retain the proceeds of its rampant violations.

75. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the collective and provide for judicial consistency.

76. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in ¶ 48 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

77. Plaintiff respectfully prays for judgment against JJ's Waste as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 48 and requiring JJ's Waste to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding JJ's Waste liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding the costs and expenses of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

g. For an Order awarding Plaintiff Bell a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of JJ's Waste, at JJ's Waste expense, should discovery prove inadequate; and

i. For an Order granting all other proper relief.

Date: June 20, 2025

Respectfully submitted by:

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective Members***